IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CT-3117-FL

| | |
|---|---|
| ROBERT ALEX ZANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HARLEY LAPPIN; KIM WHITE; ) | |
| GERALDO MALDONADO, JR.; ) | |
| RONALD W. RIKER; TRACY W. ) | |
| JOHNS; JOSEPH P. YOUNG; and ) | |
| KENNETH MOTTERN, ) | |
| ) | |
| Defendants. ) | |

The matter comes before the court on remand from the Fourth Circuit Court of Appeals. The court of appeals vacated this court's order granting summary judgment to defendants, and directed the court to address plaintiff's allegations that prison officials hindered his ability to exhaust his administrative remedies. Also before the court are plaintiff's motion for taxation of costs and fees (DE # 34) and motion seeking recusal of the undersigned judge (DE # 38). Defendants have responded in opposition to the former motion, and no response has been filed to the latter within the time allotted by the local rules. In this posture, the issues raised are ripe for adjudication.

## BACKGROUND

Plaintiff initiated this *pro se* Bivens[*] action on September 2, 2008, alleging that defendants violated his constitutional rights after discovering that he was publicly advocating for the reform of

---

[*] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

prison policies. On August 10, 2009, defendants filed a motion to dismiss or, in the alternative, for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies. Defendants also argued that personal jurisdiction was lacking as to some defendants and that defendants were entitled to qualified immunity.

On March 17, 2010, the court entered an order granting defendants' motion for summary judgment. The court concluded that plaintiff had failed to exhaust his administrative remedies, and did not address defendants' other arguments for dismissal or summary judgment. The Clerk entered judgment, and plaintiff appealed. On March 10, 2011, the Fourth Circuit vacated the award of summary judgment and remanded the matter to this court "for a determination of whether the grievance procedure was 'available' to [plaintiff] within the meaning of 42 U.S.C. § 1997e(a) (2006) so that he could administrative exhaust his claim." Zander v. Lappin, No. 10-6484, 2011 WL 823374, at *1 (4th Cir. 2011) (unpublished). The judgment of the court of appeals became final with the issuance of the mandate on May 2, 2011.

On March 14, 2011, shortly after Fourth Circuit entered judgment, plaintiff moved for taxation of costs and fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and Federal Rule of Civil Procedure 54(d)(1). Defendants responded in opposition shortly thereafter. On April 25, 2011, plaintiff moved for the undersigned to recuse herself pursuant to 28 U.S.C. § 455(a). Defendants did not respond.

## DISCUSSION

A. Procedure On Remand

This matter was remanded by the Fourth Circuit for a determination of whether the grievance procedure was available to plaintiff within the meaning of 42 U.S.C. § 1997e(a), or whether prison

2

officials instead hindered plaintiff's ability to exhaust his administrative remedies. To assist the court in this determination, the parties are directed to file supplemental briefing on this issue. Defendants shall file their supplemental brief within **twenty-one (21)** days of entry of this order. Plaintiff shall thereafter have **twenty-one (21)** from service of defendants' supplemental brief to file a response. No reply shall be permitted except with leave of the court.

As noted, defendants raised additional arguments in their original motion for dismissal that were not addressed by the court. Specifically, defendants sought to raise a personal jurisdiction defense and to assert qualified immunity. Should defendants wish the court to consider these additional arguments as grounds for dismissal in the event the court determines that the grievance procedure was unavailable, they should renew such arguments in their supplemental brief.

B.  Motion for Taxation of Costs and Fees

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The EAJA further provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The party must file an application "seeking an award of fees and other expenses ... within thirty days of final judgment in the action...." Id. § 2412(d)(1)(B). The EAJA defines final judgment as "a judgment that is final and not appealable." Id. § 2412(d)(1)(G). In other

3

words, fees are available following "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991).

In this case, the action was remanded to this court for further consideration, and currently is pending in this court. Because the action remains pending and has not been terminated as required by Rule 54(d)(1) and the EAJA, plaintiff's motion for fees and costs is DENIED as premature.

C.  Motion for Recusal

A judge must "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Disqualification is required if a "reasonable factual basis exists for doubting the judge's impartiality." Rice v. McKenzie, 581 F.2d 1114, 1116 (4th Cir. 1978). The alleged bias must derive from an extrajudicial source, not merely from a judge's participation in the matter. United States v. Grinnell Corp., 384 U.S. 563, 583 (1966); United States v. Morris, 988 F.2d 1335, 1337 (4th Cir. 1993). Absent evidence of personal or extrajudicial bias, "judicial rulings . . . almost never constitute a valid basis for a . . . motion [under § 455(a)]." Liteky v. United States, 510 U.S. 540, 555 (1994); see also United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984). "Almost invariably, [judicial decisions] are proper grounds for appeal, not for recusal." Liteky, 510 U.S. at 555.

Here, plaintiff's recusal motion is based upon his contention that the undersigned's order dismissing his action without prejudice demonstrates bias and prejudice. He identifies no personal or extrajudicial bias on the part of the undersigned, instead identifying a number of legal errors committed by the court in dismissing his claims. As such, the alleged impartiality is not from an extrajudicial source supporting a motion under § 455(a). This court's impartiality in this matter cannot reasonably be questioned, and petitioner's motion for recusal is DENIED.

4

## CONCLUSION

For the reasons set forth above, defendants are directed to file supplemental briefing on the issue of plaintiff's ability to exhaust his administrative remedies within twenty-one (21) days of entry of this order. Plaintiff shall submit supplemental briefing within twenty-one (21) days of service of defendants' brief. No reply shall be permitted except with leave of the court. Should defendants wish to pursue dismissal on personal jurisdiction or qualified immunity grounds, they should once again raise these issues in their supplemental briefing.

Plaintiff's motion for taxation of costs and fees (DE # 34) is DENIED as premature and plaintiff's motion for recusal (DE # 38) is DENIED.

SO ORDERED, this the 7th day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge