IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CT-3117-FL

| | | |
|---|---|---|
| ROBERT ALEX ZANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HARLEY LAPPIN; KIM WHITE; | ) | ORDER |
| GERALDO MALDONADO, JR.; | ) | |
| RONALD W. RIKER; TRACY W. | ) | |
| JOHNS; JOSEPH P. YOUNG; and | ) | |
| KENNETH MOTTERN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion to dismiss, or in the alternative, for summary judgment[1] (DE # 45) filed by defendants Harley Lappin, Kim White, Geraldo Maldonado, Jr., Ronald W. Riker, Tracy W. Johns, Joseph P. Young, and Kenneth Mottern (collectively referred to as "defendants"). The matter was fully briefed. Also before the court is plaintiff's motion for leave to file a response to defendants' supplemental briefing (DE # 50), to which defendants did not respond. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants plaintiff's motion, grants defendants' motion for summary judgment, and dismisses plaintiff's action without prejudice.

---

[1] The court notes that (DE # 45) is captioned "supplemental briefing." Defendants, however, request that the court grant summary judgment and attach materials that are outside of the pleadings. Accordingly, the court construes (DE # 45) as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## STATEMENT OF THE CASE

The court here incorporates the below portion of the statement of facts as set forth in its June 8, 2012, order.

> On September 2, 2008, plaintiff [, a former federal inmate incarcerated at the Federal Prison Camp in Butner, North Carolina ("Butner")] filed this action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The court subsequently directed plaintiff to particularize his complaint and plaintiff submitted an amended complaint on January 8, 2009. Plaintiff made the following allegations: (1) he was transferred from a federal prison camp to a higher security facility in retaliation for the exercise of his beliefs regarding the reform of prison policies; (2) his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution were violated in connection with the prison disciplinary process; and (3) he was subjected to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution due to defendants' alleged conduct. As relief, plaintiff seeks nominal, specific, compensatory, special, and punitive damages. Plaintiff's amended pleading survived this court's frivolity review.
>
> On August 10, 2009, defendants filed a motion to dismiss, or in the alternative, for summary judgment arguing, *inter alia*, that plaintiff's claim should be dismissed because he failed to exhaust his administrative remedies prior to filing his action. The court subsequently construed defendants' motion as a motion for summary judgment, granted defendants' motion, and dismissed plaintiff's action without prejudice for failure to exhaust his administrative remedies in accordance with 42 U.S.C. § 1997e(a). The Fourth Circuit Court of Appeals subsequently vacated the court's March 17, 2010, order granting summary judgment to defendants and remanded the action "for a determination of whether the grievance procedure was 'available' to plaintiff within the meaning of 42 U.S.C. § 1997e(a) (2006) so that he could administratively exhaust his claim." <u>Zander v. Lappin</u>, No. 10-6484, 2011 WL 823374, at *1 (4th Cir. 2011).
>
> On July 8, 2011, the court entered an order directing the parties to file supplemental briefing as to the issue raised by the Fourth Circuit. The court also allowed defendants the opportunity to

2

reassert any other defenses, such as personal jurisdiction and qualified immunity, that they raised in their original motion for summary judgment that were not addressed by the court. In compliance with the court's order, the parties completed the supplemental briefing.

On June 8, 2012, the court entered an order directing defendants to file a reply to plaintiff's supplemental response. Defendants complied with the court order, and plaintiff also filed a supplemental pleading.

## DISCUSSION

A. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

Defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The Prisoner Litigation Reform Act ("PLRA") states that "[n]o

3

Case 5:08-ct-03117-FL Document 52 Filed 08/01/12 Page 3 of 12

action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The Federal Bureau of Prisons ("BOP") provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15.

1.  Plaintiff's Administrative Remedy History

The record reflects that plaintiff filed two grievances which were related to the facts of this case (grievance numbers 485281-F1 and 493255-F1). Plaintiff filed his first BP-9 grievance, grievance number 485281-F1,[2] with the warden at Butner on March 6, 2008. Cox Second Decl. ¶ 6. The warden subsequently denied plaintiff's grievance on March 25, 2008. Id.

---

[2] Plaintiff, in his first grievance, complained that Butner prison staff violated his civil rights and used their position to authorize a retaliatory transfer. Cox Second Decl. ¶ 6 and Attach. D.

4

On March 14, 2008,[3] plaintiff's spouse incorrectly sent his BP-10 appeal to the BOP's Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas, whereas it should have been submitted to the Mid-Atlantic Regional Office ("MARO") in Annapolis Junction, Maryland. Id. ¶ 5 and Pl.'s Sept. 9, 2011 Supp. Mem. Ex. 21. The DSCC in Texas then sent plaintiff a correspondence stating that it was forwarding his BP-10 grievance package to the MARO in Maryland. Pl.'s Sept. 9, 2011 Supp. Mem. Ex. 19. However, the MARO returned the BP-10 grievance package unprocessed on April 16, 2008. Id. Ex. 24. There is no indication in the BOP's administrative remedy records that a BP-10 appeal for plaintiff was received at the regional director level. Coll Aff.[4] ¶ 10.

On May 12, 2008, plaintiff filed a BP-11 appeal for grievance number 485281-F1 with the national appeals administrator. Cox Second Decl. ¶ 6. However, the national appeals administrator rejected plaintiff's BP-11 appeal on May 20, 2008, and informed him that he should submit a BP-10 appeal to the appropriate regional director. Id. Attach C. p. 3. Plaintiff did not further pursue his administrative remedies for grievance number 485281-F1.

On May 12, 2008, plaintiff filed his second BP-9 grievance, grievance number 493255-F1, with the warden at Oakdale, complaining that his transfer to Oakdale was retaliatory. Id. ¶ 7. The Oakdale warden denied plaintiff's grievance on May 29, 2008. Id. The warden provided the following explanation: "Our records indicate you were transferred for institution adjustment and not for disciplinary reasons. Documents also support that this matter was previously addressed by the

---

[3] The court notes that plaintiff attempted to file his BP-10 appeal prior to the warden's denial of his BP-9 grievance.

[4] Cornelia J. Coll submitted a declaration in support of defendants' June 8, 2012, supplemental brief. Coll Decl. ¶ 1. Coll is employed by the BOP as a paralegal specialist. Id.

5

Southeast Regional Office. Your placement at FCI Oakdale is commensurate with your security and custody needs." Pl's Sept. 9, 2011, Supp. Mem. Ex. 11. Plaintiff further was informed that he could appeal to the regional director if he was dissatisfied with the warden's response. Id. Plaintiff, however, did not appeal his claim any further. Cox Second Decl. ¶ 7.

### 2. Plaintiff's Defenses

Plaintiff argues that prison officials hindered his ability to exhaust his administrative remedies rendering the BOP's administrative remedy procedure unavailable. In particular, plaintiff asserts the following defenses: (1) prison officials did not properly respond to his attempt to file a BP-10 appeal; (2) prison officials failed to provide him an address for MARO; (3) prison officials transferred him from Butner to Oakdale; (4) prison officials misrepresented that the issues raised in his BP-10 for grievance number 493255-F1 were addressed by the southeast regional director office; and (5) prison officials failed to provide him with copies to properly file his BP-10. Plaintiff also alleges that his failure to follow the proper steps for the BOP's administrative remedy procedure resulted in his loss of administrative remedies. In response, defendants assert that it was plaintiff's own actions in failing to properly follow the BOP's administrative remedy procedure, and not the actions of any BOP staff, that resulted in his failure to exhaust his administrative remedies. The court now will address each of plaintiff's defenses in turn.

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Additionally, a prisoner is not responsible when he follows the proper grievance procedures and prison officials nevertheless mishandle the grievance. See Hill v. O'Brien, 387 F. App'x 396, at *3 (4th Cir. July 12, 2010) ("[W]hen prison officials prevent inmates from using the

6

administrative process . . . ., the process that exists on paper becomes unavailable in reality." (quotation and citations omitted); Dole v. Chandler, 438 F.3d 804, 811 (7th Cir. Feb. 24, 2006) ("[A] remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (citations omitted)). Plaintiff bears the burden of establishing that an administrative remedy was unavailable. Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir. 2011) (citation omitted).

The United States Supreme Court has stated that the PLRA requires proper exhaustion. Woodford, 548 U.S. at 84. The Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Id. at 90. "[A] prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are." See Moore, 517 F.3d at 725 (citing Woodford, 548 U.S. at 95); Patterson v. Myers, No. 8:10-cv-2955-DCN-JDA, 2012 WL 768038, *7 (D.S.C. Feb. 17, 2012). Further, the administrative remedy procedure is considered available where the administrative authority has the ability to take *some* action in response to a complaint, even if it is not the requested action. Booth, 532 U.S. at 741; see Larkin v. Galloway, 266 F.3d 718, 723 (7th Cir. 2001) (finding that inmate must exhaust prison remedies if the administrative body (1) was empowered to consider the complaint and (2) could take some action in response to it).

Plaintiff first argues that the BOP's prison officials prevented him from complying with the administrative remedy procedure for grievance number 485281-F1, because they did not properly respond to his attempt to file a BP-10 appeal. In particular, plaintiff asserts that the BOP returned his BP-10 grievance for grievance number 485281-F1 unprocessed and without a transmittal letter explaining his deficiencies as required by 28 C.F.R. § 542.17(b).

7

Plaintiff is correct in that 28 C.F.R. § 542.17(b) states that prison officials shall provide an inmate with written notice explaining the reason for a grievance's rejection, as well as a reasonable amount of time to correct the defect and resubmit the grievance. However, § 542.17(c) also provides that an inmate may appeal a rejection when he is not "given the opportunity to correct the defect and resubmit." Additionally, "[t]he fact that a grievance was unprocessed, without more, is insufficient to show that [the prison officials] prevented [the plaintiff] from exhausting his administrative remedies." Bryan v. S.C. Dept. of Corr., No. 4:08-CV-1590-TLW-TER, 2009 WL 702864, at *3 (D.S.C. Mar. 16, 2009), appeal dismissed, 421 F. App'x 288 (4th Cir. 2011); Peoples v. SCDC, No. 8:07-2897, 2008 WL 1902718, *1 (D.S.C. Apr. 28, 2008) (finding that a returned and unprocessed grievance does not necessarily render remedies "unavailable").

Here, plaintiff did not appeal the rejection of his BP-10. Instead, plaintiff filed a BP-11 appeal with the national appeals administrator. The national appeals administrator then rejected plaintiff's BP-11 appeal, and informed him that he should appeal to the regional director. The record reflects that plaintiff did not follow the national appeals administrator's direction to re-file his BP-10. Thus, plaintiff did not properly follow the requirements of the BOP's administrative remedy procedure.

Plaintiff's argument regarding his BP-10 appeal of grievance number 485281-F1 is further refuted by the fact that he failed to follow the BOP's administrative remedy procedure because he submitted it prematurely through a third party and to the incorrect office. Although the BOP's administrative remedy procedure allows inmates to obtain assistance in preparing a request or an

8

appeal, the appeal itself must be submitted by the inmate. See 28 C.F.R. § 542.16(a).[5] Accordingly, plaintiff's utilization of his spouse to file his BP-10 appeal was not in compliance with the BOP's administrative remedy procedure.[6] Additionally, the BOP's administrative remedy procedure required plaintiff to appeal his BP-9 to the regional director's office. Plaintiff's spouse instead sent the BP-10 appeal to the BOP's DSCC in Grand Prairie, Texas. Thus, plaintiff's unsuccessful attempt to submit his BP-10 through a third party and to the incorrect BOP office did not comply with the BOP's administrative remedy procedure.

Plaintiff also asserts that Butner prison officials interfered with his access to the BOP's administrative remedy procedure because they refused to provide him with the address for the MARO. The BOP's regulations provide both the directions for filing a BP-10 appeal as well for obtaining the appropriate address. See 28 C.F.R. § 542.15(b)(3); 28 C.F.R. § 503.1. Further, the record reflects that the MARO's address was provided to plaintiff on his BP-9 rejection form, which he received at Oakdale in April 2008. Coll Aff. ¶ 8. In response, plaintiff states that his BP-10 would have been untimely if he would have waited for his BP-9 response[7] to obtain the address. The BOP's administrative remedy procedure, however, provides that the filing deadlines "may be

---

[5] 28 C.F.R. § 542.16(a) provides: "An inmate may obtain assistance from another inmate or from institution staff in preparing a Request or an Appeal. An inmate may also obtain assistance from outside sources, such as family members or attorneys. However, no person may submit a Request or Appeal on the inmate's behalf, and obtaining assistance will not be considered a valid reason for exceeding a time limit for submission unless the delay was caused by staff."

[6] The court also notes that plaintiff's spouse attempted to submit plaintiff's BP-10 appeal on March 14, 2008, just eight days after plaintiff's BP-9 grievance was filed and eleven days prior to the date the warden responded to plaintiff's grievance. Because plaintiff attempted to file his BP-10 appeal prior to the adjudication of his BP-9 grievance, he again failed to comply with the BOP's administrative remedy procedure.

[7] Plaintiff asserts that the warden failed to timely respond to his BP-9 for grievance number 485281-F1. However, the record reflects that this grievance was filed on March 6, 2008, and denied nineteen (19) days later on March 25, 2008. See Cox Second Decl. Ex. D. This is within the BOP's twenty (20) day time limit for responding to the BP-9. 28 C.F.R. § 542.14(a).

9

extended" where "the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.15(a). Plaintiff failed to properly submit a BP-10 appeal after discovering the correct address for the MARO, despite the fact that the national appeals administrator informed him that he should file his BP-10 appeal to the appropriate regional director. Instead, plaintiff chose to not re-file his BP-10 appeal. Thus, the court finds that plaintiff has not demonstrated that the administrative remedy procedure was unavailable to him.

To the extent plaintiff asserts that his transfer from Butner to Oakland prevented him from complying with the BOP's administrative remedy procedure, his duty to exhaust is not excused by transfer to another institution. See Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002) (finding "[t]he fact that [plaintiff] happened to be a prisoner in various locations, and under the custody of different officials, does not affect his obligation to exhaust his administrative remedies before filing suit."); see e.g., Jackson v. Studel, No. 3:10cv177-MU-02, 2010 WL 1689095, *2 (W.D.N.C. Apr. 26, 2010). Thus, plaintiff may not rely upon his transfer to excuse his failure to properly exhaust.

Plaintiff also argues that prison officials interfered with his ability to follow the BOP's administrative remedy procedure in connection with his BP-10 appeal for grievance number 493255-F1, because his May 29, 2008, BP-9 denial misrepresented that the issues presented previously were addressed by the BOP's southeast regional director office. Plaintiff, however, admits that his BP-10 appeal for grievance number 485281-F1 was returned unprocessed by the MARO. Further, plaintiff had notice that his grievance had not been considered at the BP-10 level on May 20, 2008, when his

BP-11 appeal was rejected by the BOP's national appeals administrator.[8] Finally, the BP-9 rejection specifically allowed plaintiff the opportunity to appeal its decision, but plaintiff chose not to file an appeal. Thus, plaintiff has not established that the BOP's officials prevented him from pursuing an avenue of relief that was available to him through its administrative remedy procedure.

Plaintiff further argues that prison officials failed to provide him with the copies necessary to file his BP-10 appeal, which contributed to his failure to exhaust. The record in this case, however, reflects that plaintiff was able to file several grievances at different levels during the relevant time period. The record also reflects that plaintiff was transferred from Butner to Oakland on March 17, 2008, prior to the date his BP-10 grievance was due. There is no evidence that plaintiff was not able to obtain copies during his incarceration at Oakland. Thus, plaintiff has failed to demonstrate how the prison officials' actions interfered with his ability to exhaust.

Finally, plaintiff generally argues that the administrative remedy procedure was unavailable to him because his failure to follow the required steps resulted in the loss of available administrative remedies. However, as stated, this is insufficient to excuse § 1997e(a)'s exhaustion requirement. See Moore, 517 F.3d at 725 (citation omitted). Thus, plaintiff has failed to demonstrate that the exhaustion process was unavailable to him.

Based upon the foregoing, the court finds that plaintiff failed to demonstrate that the administrative remedy procedure was unavailable to him. Rather, the record reflects plaintiff had the opportunity to correct the deficiencies by either properly filing a BP-10 appeal of grievance

---

[8] The court notes that the May 29, 2008, BP-9 rejection for plaintiff's grievance 493255-F1 states that the issues raised previously were addressed by the BOP's southeast regional director's office. Coll Aff. ¶ 10 and Pl.'s Sept. 9, 2011, Supp. Mem. Ex. 11. However, plaintiff's May 12, 2008, BP-11 appeal was rejected by the BOP's National Appeals Administrator on May 20, 2008, because he had not previously filed a BP-10. Cox Second Decl. Attach C. p. 3. Accordingly, plaintiff had notice that his BP-10 appeal had not been filed when he received the May 29, 2008, BP-9 rejection for grievance 493255-F1.

Case 5:08-ct-03117-FL Document 52 Filed 08/01/12 Page 11 of 12

493255-F1 or 485281-F1. There is no evidence of affirmative misconduct on behalf of prison staff. Rather, it was plaintiff's own mistakes that resulted in his failure to properly exhaust his administrative remedies. See Graham, 413 F. App'x at *3 ("[A]lthough [inmate] knew about the existence of the jail's formal grievance procedure, he took no steps to comply with the process then in place, and his failure to do so cannot be attributed to anyone but himself."); Peacher v. Travis, No. 3:11-CV-00080, 2011 WL 4529388, * 3 (N.D. Ind. Sept. 28, 2011) (stating "[t]he approach utilized by courts . . . has been to focus on whether the plaintiff did all he could to avail himself of the administrative process."). Accordingly, the court finds that plaintiff has not met his burden of showing that the BOP staff prevented him from complying with its administrative remedy procedure. Because plaintiff failed to exhaust his administrative remedies for his claims prior to filing this action, it is DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, for good cause shown, the court GRANTS plaintiff's motion for leave to file a response to defendants' supplemental briefing (DE # 50). Also, the court GRANTS defendants' motion for summary judgment (DE # 45), and the matter is DISMISSED without prejudice.

SO ORDERED, this the 1st day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge